## UNITED STATES DISTRICT COURT FOR
## EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY PARKER, Plaintiff　　　　　　　　**DEMAND FOR TRIAL**

　　　　　　v.

LEHIGH COUNTY DOMESTIC
RELATIONS SECTION, Defendant

**PLAINTIFF**, Anthony Parker (hereinafter "Plaintiff"), complaining of the Defendants, alleges and says:

### JURISDICTIONAL STATEMENT AND PARTIES

Plaintiff Anthony Parker (hereinafter "Plaintiff") is a citizen and resident of Indiana residing in Marion County.

1.  Defendant Lehigh County Domestic Relations Section., (hereinafter "Defendant") is a Government organization registered in the State in Pennsylvania to conduct business within the state and at all times relevant herein operates within the state of Pennsylvania.

2.  Defendant at all times material to this complaint, operated, managed and/or maintained facilities at 455 W. Hamilton St. Allentown, Pa. 18101

3.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

4.  Venue is proper under 28 U.S.C. §1391(b) and 42 U.S.C.§2000e-5(f)(3) as the alleged US Constitutional violations committed within the State of Pennsylvania and Defendant has contacts that are sufficient to subject it to personal jurisdiction within the Eastern District thereof.

5.  The alleged wrongs and damages described herein occurred in Allentown Lehigh County, Pennsylvania.

6.  Plaintiff has complied with all jurisdiction and procedural requirements of Pennsylvania Constitution and US Constitution.

## STATEMENT OF FACTS

**7.** The allegations contained in preceding paragraphs of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.

8. December 2, 2019 Plaintiff, Anthony Parker, attended modification hearing. (Exhibit 1)

9. October 2019, Defendant denied right to file objections to modification hearing, (Exhibit 1,2).

10. Defendant abused Plaintiffs right in Subchapter C. Jurisdiction of Superior Court Sec. 741.  Original jurisdiction. The Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction, and except that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court.(1,2,3).

11. January 20, 2020, Plaintiff filed appeal to Pa. Superior Court through Lehigh County Domestic Section as required by law. Defendant abused authority and refused to submit appeal to Pa. Superior Court as required by law. (Exhibit 1,2)

12. Defendant subverted the law; Subchapter C. Jurisdiction of Superior Court Sec. 742.  Appeals from courts of common pleas: The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. (Exhibit 1,2)

13. Plaintiff Anthony Parker denied Pennsylvania Constitutional right to file objections and appeal; Pennsylvania Constitution, Power of Suspending Laws Section 12. No power of suspending laws shall be exercised unless by the Legislature or by its authority. (Exhibit 1,2)

14. Anthony Parker in December 2019 denied right to file appeal to Pennsylvania Superior Court; Pennsylvania Constitution, Courts to Be Open; Suits Against the Commonwealth Section 11. All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and eight and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such as the Legislature may by law direct. (Exhibit 1,2 ,3)

15. Lehigh County Domestic relations Court made illegal law that Plaintiffs objection not appealable, (Exhibit 1,2,3,4,5,6,7,8,9,9a,9b,10,11).

16. Defendant has not followed federal procedure; 42 U.S. Code § 666. (10) REVIEW AND ADJUSTMENT OF SUPPORT ORDERS UPON REQUEST.— (A) 3-year cycle.— (i) In general.— Procedures under which every 3 years (or such shorter cycle as the State may determine), upon the request of either parent or if there is an assignment under part A, the State shall with respect to a support order being enforced under this part, taking into account the best interests of the child involved, (Exhibit 4, 5, 6,9, 9a, 9b 10,11).

17. Defendant issued order for child support outside their jurisdiction with knowledge of error but fails to correct, Mother of child live in South Carolina and has live there over 20 years.

18. Lehigh County Domestic Relations Court violated state and federal constitutional rights to file appeal to higher Court, (Exhibit 1,2, 9, 9a, 9b,).

19. Defendant institutional harmed the Plaintiff Anthony Parker; Title 18, U.S.C., Section 241 - Conspiracy Against Rights; This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same), (1,2,3,4,5,6,7,8,9,9a,9b,10,11).

20. Plaintiff denied the right to appeal child support orders; Pennsylvania Constitution, Right of Petition Section 20. The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes by petition, address or remonstrance. (Exhibit 1, 2, 3)

21. Defendant, is vicariously liable for the acts of its employees, officers, and agents thereof, including but not limited to Defendants Management employees.

**FIRST CAUSE OF ACTION**
Article I, Section 8 of the US Constitution.

22. The allegations contained in preceding paragraphs of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.

23. At all times relevant to this complaint, Plaintiff Anthony Parker was Defendant in child support order.

24. Article I, Section 8 of the US Constitution.  One clause of that section states that Congress has the right to set up courts that will be inferior to the Supreme Court.

25. Defendant abused Plaintiffs right in Subchapter C. Jurisdiction of Superior Court Sec. 741.  Original jurisdiction. The Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction, and except that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court.

26. January 20, 2020, Plaintiff filed appeal to Pa. Superior Court through Lehigh County Domestic Section as required by law. Defendant abused authority and refused to submit appeal to Pa. Superior Court as required by law. (Exhibit 1,2).

27. Defendant, is vicariously liable for the acts of its employees, officers, and agents thereof, including but not limited to Defendants Management employees.

28. Defendants' conduct was intentionally willful to harm the Plaintiff by denying modification of child support order and denial of appeal process to Pa. Superior Court; as described above, was malicious conduct and Plaintiff is entitled recovery damages including liquidated damages in excess of $10,000.00.

29. Plaintiff is further entitled to recovery of and the cost and expense of this action.

### SECOND CAUSE OF ACTION
Article III, Section 2 US CONSTITUTION

30. The allegations contained in preceding paragraphs of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.

31. At all times relevant to this complaint, Plaintiff Anthony Parker was Defendant in child support order.

32. Article III, Section 2 US Constitution; That section says (among other things) that the Supreme Court will have appellate jurisdiction in certain types of cases.

33. Defendant subverted the law; Subchapter C. Jurisdiction of Superior Court Sec. 742.  Appeals from courts of common pleas: The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, (Exhibit 1,2).

34. Plaintiff Anthony Parker denied Pennsylvania Constitutional right to file objection and appeal; Pennsylvania Constitution, Power of Suspending Laws Section 12. No power of suspending laws shall be exercised unless by the Legislature or by its authority. (Exhibit1,2).

35. Anthony Parker in December 2019 denied right to file appeal to Pennsylvania Superior Court; Pennsylvania Constitution, Courts to Be Open; Suits Against the Commonwealth Section 11. All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and eight and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct. (Exhibit 1,2,3)

36. Lehigh County Domestic relations Court made illegal law that Plaintiffs objection not appealable, (Exhibit 1,2).

37. Defendant has not followed federal procedure; 42 U.S. Code § 666. (10) REVIEW AND ADJUSTMENT OF SUPPORT ORDERS UPON REQUEST.— (A) 3-year cycle.— (i) In general.— Procedures under which every 3 years (or such shorter cycle as the State may determine), upon the request of either parent or if there is an assignment under part A, the State shall with respect to a support order being enforced under this part, taking into account the best interests of the child involved, (Exhibit 4,5,6, 10).

38. Defendant, is vicariously liable for the acts of its employees, officers, and agents thereof, including but not limited to Defendants Management employees.

39. Defendants' conduct was intentionally willful to harm the Plaintiff by denying modification of child support order and denial of appeal process to Pa. Superior Court; as described above, was malicious conduct and Plaintiff is entitled recovery damages including liquidated damages in excess of $10,000.00.

40. Plaintiff is further entitled to recovery of and the cost and expense of this action.

## THIRD CAUSE OF ACTION

Title 18, U.S.C., Section 241 - Conspiracy Against Rights

41. The allegations contained in preceding paragraphs of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.

42. At all times relevant to this complaint, Plaintiff Anthony Parker was Defendant in child support orders.

43. Defendant has not followed federal procedure; 42 U.S. Code § 666. (10) REVIEW AND ADJUSTMENT OF SUPPORT ORDERS UPON REQUEST.— (A) 3-year cycle.— (i) In general.— Procedures under which every 3 years (or such shorter cycle as the State may determine), upon

the request of either parent or if there is an assignment under part A, the State shall with respect to a support order being enforced under this part, taking into account the best interests of the child involved, (Exhibit 4, 5, 6, 9,9a,9b, 10).

44. Defendant issued order for child support outside their jurisdiction with knowledge of error but fails to correct, Mother of child live in South Carolina and has live there over 20 years, (Exhibit 9,9a,9b),

45. Lehigh County Domestic Relations Court violated state and federal constitutional rights to file appeal to higher Court. (Exhibit 1,2,,3,4,5,6,7,8,9,9a,9b,10,11).

46. Defendant institutional harmed the Plaintiff Anthony Parker; Title 18, U.S.C., Section 241 - Conspiracy Against Rights; This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (Exhibit 1,2,3,4,5,6,7,8,9,10,11).

47. Defendant, is vicariously liable for the acts of its employees, officers, and agents thereof, including but not limited to Defendants Management employees.

48. Defendants' conduct was intentionally willful to harm the Plaintiff by denying modification of child support order and denial of appeal process to Pa. Superior Court; as described above, was malicious conduct and Plaintiff is entitled recovery damages including liquidated damages in excess of $10,000.00.

49. Plaintiff is further entitled to recovery of and the cost and expense of this action

**NOW, THEREFORE**, the Plaintiff prays unto the Court as follows:

1. That the Court issue a declaration that defendant have violated the plaintiff's legal rights;

2. That Plaintiffs recover of Defendant compensatory damages against Defendant for the violation Breach of Pennsylvania and US Constitutional rights. loss of reputation, emotional distress and inconvenience, for an amount in excess of $75,000.00, which amount shall be determined specifically at the trial of this action;

3. That Plaintiff recovers the benefits to which he is entitled under the Law.

4. That plaintiffs recover punitive damages in an amount in the discretion of the jury;

5. That plaintiff recovers the costs of this action, including reasonable fees for his representation herein;

6. That this Court award pre-judgment and post-judgment interest on all amounts recovered herein; and

7. That this Court grant such other relief as it deems just and appropriate.

This the 25th day of June 2020.

*Anthony Parker*

ANTHONY PARKER,
5868 E. 71st St. E336
Indianapolis, In. 46220

## CERTIFICATE OF SERVICE

I certify that on June 25, 2020, a copy of Plaintiff's Complaint was filed with the Clerk of Court and a copy was mailed via certified first-class mail to Defendant addressed as shown below:

**DEFENDANT**
Lehigh County Domestic Relations Section
West Hamilton St.
Allentown, Pa. 18101

*Anthony Parker*

ANTHONY PARKER
5868 E. 71st St. E336
Indianapolis, In. 46220