# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY PARKER, | : |
|     Plaintiff, | : |
| | : |
| v. | :    CIVIL ACTION NO. 20-CV-3655 |
| | : |
| LEHIGH COUNTY DOMESTIC | : |
| RELATIONS SECTION, | : |
|     Defendant. | : |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                                                       **OCTOBER 9, 2020**

Plaintiff Anthony Parker has filed an amended complaint in this civil rights action brought pursuant to 42 U.S.C. § 1983 against the Lehigh County Domestic Relations Section ("LCDRS").[1] Parker has also filed applications to proceed *in forma pauperis*. For the following reasons, the applications to proceed *in forma pauperis* will be granted and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1]     Parker filed his original complaint on July 31, 2020 but did not pay the filing fee. In an Order filed on August 5, 2020, the Court directed him to pay the fee or file a motion to proceed *in forma pauperis*. (ECF No. 3.) On August 5 and 24, 2020, Parker filed motions seeking *in forma pauperis* status. Parker also filed his Amended Complaint on August 24, 2020.
    An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. See Shahid v. Borough of Darby, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013)); see also Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); see also Argentina v. Gillette, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings"). Accordingly, the Court will screen the Amended Complaint.

I.	**FACTUAL ALLEGATIONS**

Parker's factual allegations are not entirely clear. He asserts that he is a defendant in a child support proceeding before LCDRS. (ECF No. 6 at 3.) Apparently, on December 2, 2019, there was a "modification hearing" in the proceeding, and in October 2019 LCDRS "denied [him the] right to file objections to modification hearing." (Id. at 2.) On January 20, 2020, Parker filed an appeal to the Pennsylvania Superior Court through LCDRS, asserting that he was required to do so in accordance with a court rule. Parker alleges LCDRS "abused authority and refused to submit appeal to Pa. Superior Court as required by law." (Id.) He appears to claim that the LCDRS acted illegally when it told him his objection was not appealable. (Id.) Citing 42 U.S.C. § 666, a section of the federal statute granting aid to state governments to support child welfare programs, he alleges LCDRS "issued an order for child support outside their jurisdiction with knowledge of error." (Id. at 3.) Parker asserts there was a lack of jurisdiction because the mother of his child lives in South Carolina. (Id.)

Appended to the Amended Complaint are several exhibits from Parker's state court child custody dispute case. In an undated letter bearing a "received" stamp from the Pennsylvania Superior Court of January 7, 2020, an official of LCDRS advised Parker that the objection he filed to the child support conferences was "being returned to you" because the conferences were "conducted in response to petitions for modification, which YOU filed. . . ." (Id. at 9 (capitalization in original).) The letter goes on to note that Parker failed to appear for the conferences. (Id.) It advises Parker that, as a moving party who failed to appear, the order entered after the conference constituted a "final order and cannot be appealed." (Id.)

Parker alleges that LCDRS is vicariously liable for the conduct of its employees and that its employees intentionally and willfully denied him the right to file an appeal from the conference

2

determination.  (Id. at 4.)  Based on the same allegations, he asserts a civil rights conspiracy claim under 18 U.S.C. § 241.  (Id. at 5-6.)  Parker seeks $10,000 in damages.

## II.     STANDARD OF REVIEW

Because it appears that Parker cannot pay the filing fee, the Court grants him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  Id.  As Parker is proceeding *pro se*, the Court construes his allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The claims for money damages Parker seeks to assert against LCDRS may not proceed.  The Court takes judicial notice that "[t]he Domestic Relations Section (DRS) is part of the Family Court of the Lehigh County Court of Common Pleas."  See https://www.lccpa.org/drs/ (last viewed

Oct. 5, 2020).  The Eleventh Amendment bars suits against a state and its agencies in federal court in which monetary damages are sought.  See Pennhurst State Sch. And Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984); A.W. v. Jersey City Public Schs., 341 F.3d 234, 238 (3d Cir. 2003).  The Lehigh Court of Common Pleas, including its Domestic Relations Section, is part of Pennsylvania's unified judicial system and shares in the Commonwealth's Eleventh Amendment immunity.  See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005).  Because the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, see 42 Pa. Cons. Stat. § 8521-22, the Commonwealth and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

Since LCDRS is the only named Defendant, the Amended Complaint must be dismissed.  While it may be possible for Parker to proceed against a non-immune defendant who violated his civil rights in the child support proceeding, given the vague allegations of the Amended Complaint, I will not speculate whether that possibility exists.  Accordingly, the Amended Complaint will be dismissed with prejudice.  Parker will not be permitted to file a second amended complaint because I conclude that amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.")  Parker may institute a new civil action if he can identify a person subject to liability under § 1983 for the acts that allegedly violated his rights.

An appropriate Order follows.